Bartow *v.* Smyth.

---

## JOSEPH BARTOW vs. ADAM SMYTH.

A certiorari will not be sustained, if, by the transcript of the justice, it appears that the plaintiff in certiorari was present at the rendition of the judgment.

At the last term, *Ryerson* moved to dismiss the certiorari issued in this case, because, as he insisted, it appeared from the transcript of the justice, that the plaintiff in certiorari was

Bartow *v.* Smyth.

present at the rendition of the judgment.  If the party feels himself aggrieved, his remedy is by appeal.

*Clark,* contra.

The opinion of the court was delivered at this term by

HORNBLOWER, C. J.  After full consideration, we are of opinion, the certiorari in this case must be dismissed.  It is not without regret we have found ourselves forced to this conclusion, because there is reason to believe that justice has not been done.  There are errors apparent on the record, which would justify and require a reversal of the judgment if it was under the control of this court.  But it is not.  It is one of those cases which the legislature have thought proper to put beyond our reach.  By the 36th section of the act of 12th February, 1818, *Rev. Laws* 629, an appeal is given to the Court of Common Pleas from every judgment rendered in a court for the trial of small causes, except in certain specified cases, one of which is, that of a judgment "*given*" in the *absence* of the defendant; and by the 6th section of the act of 17th November, 1820, *Rev. Laws* 796, it is enacted, that no judgment " from which an appeal is given to the courts of common pleas, shall be removed into the Supreme Court by certiorari or otherwise, for the correction of any supposed error therein; but the party thinking himself aggrieved, shall have relief upon the appeal *only*, and that both as to matter of law and matter of fact."  Was then this judgment *given* in the *absence* of the defendant?  If it was, he could not appeal, and a certiorari lies.  If it was not given in his absence, but was actually given in his presence, then the defendant was entitled to an appeal, and a certiorari will not lie.  It is a question of fact, and we are furnished with no means of ascertaining the truth of the case, but by an inspection of the justice's transcript; and that, unfortunately, in this, as in many other cases, is so obscure and ambiguous, as not to be easily understood.  After giving a history of the action and trial, which took place in the presence of the parties, the justice says, " I took one week, until the 30th day of May, at four o'clock in the afternoon of that day, to make up my judgment, and gave notice to the parties.  May 30th, the plaintiff appeared according to notice, *and the defendant did not appear until after* 4 *o'clock.*  Whereupon, I gave judgment in favor of the

plaintiff, and against the defendant, for fifty-three dollars, &c."

The expression used by the justice, is a negative pregnant; and amounts to an affirmation, that the defendant did appear, after four o'clock. The meaning of the sentence then is, that the plaintiff appeared according to notice, viz., at four o'clock, and the defendant appeared after four o'clock. They both, then, appeared before the justice. But when did he give judgment; before or after the defendant appeared? Certainly, after the defendant appeared, for the justice first records the appearance of the defendant, and then says "whereupon," that is, upon the defendant's appearance, "I gave judgment, &c."

The justice has first recorded the defendant's appearance, and then recorded the judgment. The judgment was then actually *given*, after his appearance and in his presence; unless the justice has made a false entry, which we are not at liberty to presume. The certiorari must, therefore, be dismissed.